THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANA JOHNSON )
7144 Susans Pass )
Elkridge, MD 21075 )
)
)
Plaintiff, )
) Civil Action No.
v. )
)
WASHINGTON METROPOLITAN AREA )
TRANSIT AUTHORITY )
600 Fifth Street, NW )
Washington, DC 20001 )
)
Defendant. )
)

## COMPLAINT

Plaintiff Dana Johnson ("Ms. Johnson" or "Plaintiff"), by and through her attorneys, files this action and alleges as follows:

### NATURE OF ACTION

1. This is a challenge to Defendant's discriminatory pay practices in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*

### JURISDICTION AND VENUE

2. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

3. The United States District Court for the District of Columbia has subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

4. The Court has subject-matter jurisdiction pursuant to Washington Metropolitan Area Transit Regulation Compact. D.C. Code § 9-1107.1.

5. The Court may properly maintain personal jurisdiction over Defendant because the Defendant conducts business in the District of Columbia.

6. Venue is properly laid in the District of Columbia because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred the District of Columbia.

## EXHAUSTION

7. Plaintiff has exhausted her Title VII claims as follows:

    a. On October 22, 2018, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

    b. On September 3, 2019, Plaintiff received her Notice of Right to Sue from the EEOC.

    c. Plaintiff has filed this Complaint within 90 days of receipt of her Notice of Right to Sue.

8. Plaintiff's EPA claims do not require the exhaustion of administrative remedies.

## PARTIES

9. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10. Washington Metropolitan Area Transit Authority ("WMATA" or "Defendant") is a public transportation agency created by compact between the governments of Maryland, the District of Columbia, and the Commonwealth of Virginia.

11. WMATA is an employer under the EPA and Title VII.

12. WMATA's principal place of business is in Washington, DC.

13. Plaintiff is an employee of Defendant.

14. Plaintiff currently resides in Elkridge, MD.

## FACTUAL ALLEGATIONS

15. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

16. Plaintiff is female.

17. Plaintiff is African American.

18. Plaintiff was hired by WMATA on or around October 25, 2010.

19. In September 2014, Plaintiff accepted a lateral move to the Fare Collection Program as a Financial Officer, grade BO-13.

20. In her position as Financial Officer, Ms. Johnson performed substantially similar work and the performance of which required substantially equal skill, effort, and responsibility as Aris Papapetrou (Caucasian-male) in his Project Coordinator position, grade EG-13.

21. The substantially similar work performed included maintaining cost controls for all project-related activities, participating in the development and management of program capital and operating budgets, utilizing the system to create projects, preparing queries, entering and retrieving information, producing reports, conducting analysis, entering purchase requisitions, tracking purchase orders, and validating internal personnel labor and non-personnel costs to include preparing payment application requests and system-receipts required to pay vendors/contractors.

22. Despite performing substantially similar duties as her coworker, Ms. Johnson was paid at least 10% less as a Financial Offer than her non-African American male Project Coordinator coworker.

23. On or around October 1, 2018, Ms. Johnson accepted a new position and received a grade increase to BO-14.

24. Since 2015, Ms. Johnson has repeatedly informed Defendant that she was being paid less than her non-African American male coworker, despite performing substantially similar duties.

25. Defendant did not rectify the pay disparity while Ms. Johnson was Financial Officer.

26. Defendant's failure to pay Ms. Johnson at the same rate as her male coworker is willful.

27. Defendant paid Ms. Johnson less than her male coworker because of her sex and/or race.

## COUNT I: PAY DISCRIMINATION - EPA

28. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

29. Plaintiff performed substantially similar work as her male coworker but was paid in a lower grade than him.

30. Plaintiff was paid less than her male coworker because of her sex.

31. Defendant has been aware of its discriminatory pay practice since at least 2015 and has not rectified the pay disparity.

32. Defendant has willfully paid Plaintiff less than her male coworker because of her sex.

## COUNT II: PAY DISCRIMINATION - TITLE VII – BECAUSE OF SEX

33. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

34. Plaintiff performed substantially similar work as her male coworker but was paid in a lower grade than him.

35. Plaintiff was paid less than her male coworker because of her sex.

## COUNT III: PAY DISCRIMINATION - TITLE VII – BECAUSE OF RACE

36. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

37. Plaintiff performed substantially similar work as her non-African American coworkers but was paid less than them.

38. Plaintiff was paid less than her coworkers because of her race.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

A. Entry of judgment in favor of Plaintiff and against Defendant;

B. Back pay;

C. Statutory damages;

D. Compensatory damages;

E. Attorneys' fees and costs; and

F. Other such relief as may be appropriate to effectuate the purposes of the EPA and Title VII.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: November 22, 2019

Respectfully submitted,

/s/ Jeremy Greenberg
Jeremy Greenberg (1024226)
Denise M. Clark (420480)
Clark Law Group, PLLC
1100 Connecticut Ave, N.W.,
Suite 920
Washington, D.C. 20036
(202) 293-0015
jgreenberg@benefitcounsel.com
dmclark@benefitcounsel.com
*Counsel for Plaintiff*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that 1) I have reviewed this Complaint; 2) Regarding the allegations of which I have personal knowledge, I believe them to be true; and 3) Regarding the allegations of which I do not have personal knowledge, I believe them to be true based on specified information, documents, or both and the foregoing is true and correct.

_____
Dana Johnson